UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUSAN EDWARDS-WILSON, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | |
| ) | |
| GOLDEN KRUST CARIBBEAN ) | |
| RESTAURANT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff Susan Edwards-Wilson brings this case against Defendant Golden Krust Caribbean Restaurant seeking unpaid overtime wages and other available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a federal claim pursuant to the FLSA.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

*Plaintiff*

3. Plaintiff Susan Edwards-Wilson is an adult resident of McDonough, Georgia. From approximately March 2016 through June 2018, Ms. Edwards-Wilson worked for Defendant as a head chef at Defendant's restaurant located in McDonough, Georgia. Plaintiff

was not paid compensation, including overtime premium compensation, for hours she worked in excess of 40 in a workweek even though she regularly worked more than 40 hours in a workweek.

4. At all relevant times, as employee of Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

*Defendant*

5. Defendant owns and operates a Golden Krust Carribean Restaurant in McDonough, Georgia where Plaintiff worked.

6. At all relevant times, Defendant was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

7. At all relevant times, Defendant has employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," as defined in § 203(s)(1)(A)(i).

8. At all relevant times, Defendant achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

9. Defendant issued paychecks to Plaintiff during her employment.

10. Defendant directed the work of Plaintiff and benefited from work performed that Defendant suffered or permitted from her.

11. Defendant misclassified Plaintiff as an exempt employee and did not pay her overtime compensation for hours she worked for Defendant's benefit in excess of 40 hours in a workweek.

**FACTUAL ALLEGATIONS**

12. Plaintiff worked for Defendant as a head chef in Defendant's restaurant. Plaintiff's primary duties included manual labor such as cooking, preparing food and running the cash register. Plaintiff had no involvement in hiring and firing other employees.

13. At all relevant times, Plaintiff was classified by Defendant as exempt under the FLSA and was not paid overtime compensation for hours worked over 40 in a workweek.

14. At all relevant times, Defendant paid Plaintiff on a salary basis.

15. Defendant tracked Plaintiff's hours worked by requiring her to clock in and out on a time clock.

16. During the relevant time period, Plaintiff regularly worked more than 40, and often in excess of 60, hours per week. She did not receive overtime compensation for hours worked over 40 in a workweek.

17. Through its unlawful actions, Defendant has deprived Plaintiff of overtime wages owed to her.

18. Defendant acted willfully in failing to pay overtime compensation to Plaintiff for hours worked over 40 in a workweek. Defendant knew or should have known that Plaintiff was non-exempt and that she should have been paid overtime compensation for all hours worked over 40 in a workweek.

## COUNT I - FAIR LABOR STANDARDS ACT

19. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if alleged fully herein.

20. As set forth above, Defendant's failure to pay Plaintiff overtime compensation at a rate of one and one-half times her regular rate of pay owed to him during the three-year period preceding the filing of this Complaint violates the Fair Labor Standards Act, 29 U.S.C. § 207.

21. Defendant's misclassification of Plaintiff as an exempt employee and Defendant's failure to pay Plaintiff in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. An award of all damages for unpaid wages and compensation due to Plaintiff under the FLSA;

B. An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

C. A finding that Defendant's violations of the FLSA have been willful and that, therefore, the statute of limitations for the FLSA claim is three years;

D. Attorneys' fees and costs;

E. Pre- and post-judgment interest; and

F. Any other relief to which Plaintiff may be entitled.

Dated: October 19, 2018                                     Respectfully submitted,

*/s/ Sergei Lemberg*
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com

*Attorney for Plaintiff*